[Cite as *State v. Favers*, 2013-Ohio-5859.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 13CA42 |
| EDWARD FAVERS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Richland County Court of
                             Common Pleas, Case No. 2012CR0813D


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      December 27, 2013


APPEARANCES:


For Plaintiff-Appellee              For Defendant-Appellant


JAMES J. MAYER, JR.                 JOHN C. O'DONNELL
Prosecuting Attorney                10 West Newlon Place
Richland County, Ohio               Mansfield, Ohio 44902

By: JILL M. COCHRAN
Assistant Richland County Prosecutor
38 South Park Street
Manfield, Ohio 44902

*Hoffman, P.J.*

{¶1}   Defendant-appellant Edward R. Favers appeals his sentence entered by the Richland County Court of Common Pleas.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF PARTIAL FACTS AND PROCEDURAL HISTORY[1]

{¶2}   Appellant was employed as a juvenile parole officer with the Ohio Department of Youth Services.  On June 6, 2012, an officer of the Mansfield Police Department observed Appellant, during work hours and while driving a State owned DYS vehicle, pick up a well known prostitute.  Appellant paid the prostitute to engage in sexual intercourse with him on his pontoon boat.  Appellant later falsified his weekly itinerary report to ODYS to reflect he worked until 4:30 p.m. on the same day.

{¶3}   Further investigation revealed Appellant made twenty-seven cell phone calls on his personal cell and three phone calls on his State owned cell to the same prostitute in order to set up meet times.  It was also determined three other prostitutes had engaged in prostitution with Appellant either in his car or on his boat.  All four prostitutes advised Appellant would pick them up in his State issued ODYS vehicle.

{¶4}   As a result, Appellant was placed on administrative leave with pay.  He retired on October 12, 2012.

{¶5}   Appellant was charged with numerous offenses and, after negotiations, entered a plea of guilty to one count of tampering with government records, one count of promoting prostitution and one count of soliciting.  The State agreed to dismiss sixteen remaining counts.  At sentencing on April 16, 2013, the Richland County Court

---

[1] A full rendition of the underlying facts and procedural history is unnecessary for our resolution of this appeal.

of Common Pleas imposed a three year term of community control, 400 hours of community service and ordered Appellant to pay a $15,000 fine.

{¶6} Appellant now appeals[2], assigning as error:

{¶7} "I. THE COURT ABUSED ITS DISCRETION BY FINING DEFENDANT/APPELLANT A [SIC] $15,000.00 WITHOUT EVIDENCE THAT DEFENDANT HAD PRESENT OR FUTURE ABILITY TO PAY SAID FINE."

{¶8} R.C. 2929.19(B)(6) and R.C. 2929.18(E) require a court to inquire as to a defendant's present and future ability to pay a fine prior to imposing one. When determining an offender's present or future ability to pay, there are no expressed factors to be considered or specific findings to be made. A trial court is not required to hold a hearing to determine an offender's ability to pay. However, there must be some evidence on the record the trial court considered the defendant's present and future ability to pay the sanction. *State of Ohio v. Hayes,* 4th Dist. No. 08AP233, 2009-Ohio-1100.

{¶9} The record demonstrates at the sentencing hearing the trial court found Appellant was employed by a family business and had entered into early retirement from ODYS. The record further established he was recently hired at Home Depot to support his four children. Additionally, Appellant had not filed an affidavit of indigency until he filed the within appeal. As a term of his community control, the trial court ordered Appellant seek and maintain employment.

---

[2] Appellant has been determined indigent for purposes of this appeal, but had not been determined to be indigent at the time of trial.

**{¶10}** We find, the record does not affirmatively demonstrate the trial court did not consider evidence regarding Appellant's present and future ability to pay the sanction.

**{¶11}** The sole assignment of error is overruled.

**{¶12}** Appellant's sentence in the Richland County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY


_____
HON. CRAIG R. BALDWIN

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                         :
                                                 :
-vs-                                             :              JUDGMENT ENTRY
                                                 :
EDWARD FAVERS                                    :
                                                 :
    Defendant-Appellant                        :              Case No. 13CA42


For the reason stated in our accompanying Opinion, Appellant's sentence in the

Richland County Court of Common Pleas is affirmed.  Costs to Appellant


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY


_____
HON. CRAIG R. BALDWIN